the telephone conversation between Patton and Tague justified a conclusion to the contrary. Therefore it cannot be said that the payment represented by the $23,000 check ever became final and complete. Also, under the uncontradicted facts in this case, Royal had the unqualified right to stop payment on the check. Since the bank had done none of the things listed in 12A O.S.1971 § 4–303(a) to (e), it was required as a matter of law to honor the stop-payment order. It therefore cannot be said that the bank *voluntarily* returned the $23,000 check to Royal.

We hold that under the uncontradicted evidence in this case and the applicable law, plaintiff bank was entitled to judgment against defendant Patton.

The trial court's judgment in favor of Patton is therefore reversed and vacated and the cause is remanded with directions to render judgment for the bank and against Patton.

DAVISON, C. J., and LAVENDER, SIMMS and DOOLIN, JJ., concur.

BERRY, IRWIN, HODGES and BARNES, JJ., dissent.

Oklahoma Bar Association that a complaint was filed by the Board of Governors of the Oklahoma Bar Association on February 27, 1973 against the respondent, alleging acts of professional misconduct and that on May 18, 1973 the respondent filed a Stipulation in this matter in which he stated that he did not desire to offer a defense to said complaint and is willing to accept an Order of Suspension from the practice of law in this state for a period of two years and three months as a result of his professional misconduct and, it further appears to this Court that this Stipulation has been approved by the Board of Governors of said Association.

Now, therefore, it is ordered, adjudged and decreed that the respondent, David D. Brunson, is suspended from the practice of law for professional misconduct as alleged in the complaint hereto referred to for a period of two years and three months from the date of this decree and that he will be reinstated to the practice of law in this State only if he complies with the requirements as are set forth in Article X, Section 18 of the Rules Creating and Controlling the Oklahoma Bar Association.

---

---

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

David D. BRUNSON, Respondent.

S.C.B.D. 2343.

Supreme Court of Oklahoma.

June 25, 1973.

ORDER

Now on the 21st day of June 1973, this matter comes on for consideration by this Court. After having been first advised that pursuant to Article X, Section IV of The Rules Creating and Controlling the

The BOARD OF EDUCATION OF OKAY INDEPENDENT SCHOOL DISTRICT NUMBER ONE OF WAGONER COUNTY, Oklahoma, Petitioner,

v.

The Honorable E. G. CARROLL, Judge of the District Court of the 15th Judicial District, Wagoner County, Oklahoma, Respondent.

No. 46700.

Supreme Court of Oklahoma.

Aug. 22, 1973.